### STORTHZ *v.* CHAPLINE.

Opinion delivered October 18, 1902.

1. POSSESSION—NOTICE OF TITLE.—Possession by an heir of a part of his ancestor's land is not notice that he claims by purchase from his ancestor if his possession may be attributed to his interest as heir. (Page 34.)

2. BONA FIDE PURCHASER—WHO IS.—One who for a valuable consideration buys an heir's interest in his ancestor's land without notice that another heir had verbally purchased a portion thereof from the ancestor in his lifetime is a *bona fide* purchaser. (Page 34.)

Cross appeals from Pulaski Chancery Court.

THOMAS B. MARTIN, Chancellor.

Decree modified.

#### STATEMENT BY THE COURT.

The complaint alleges that Hunter R. Murray died in 1887, seized of south half of southeast quarter of section 24, township 1 north, range 12 west, Pulaski county, leaving him surviving eight

children, Ben D. Murray, Benson Murray, Reuben E. Murray, William H. Murray, Mary A. Chapline, Sarah E. Pinkerton, Mattie Person and Millie Wilson. Storthz claims that he bought the interest of Benson Murray and Ben D. Murray before this suit was brought, being two-eighths, and bought Mrs. Pinkerton's interest after the suit was brought. Mondeschein, one plaintiff in the partition suit, bought the interest of Mattie Person. The complaint prays for partition.

Reuben E. Murray answered, and made a cross-complaint, denying that his father owned the whole eighty, but claimed title himself to south half of southeast of southeast of section 24, by an agreement he claimed to have had with his father, verbal, and by what he claimed adverse possession. He alleges that his sisters all made him a deed to the southeast quarter of the southeast quarter of section 24 in 1890, which was not recorded till January 9, 1901.

Millie A. Wilson answered that she received a deed from the other heirs to the south half of the southwest quarter of the southwest quarter of the southeast quarter as her total interest in the southwest quarter of the southeast quarter of section 24, but claimed that she still had one-eighth in the southeast quarter of the southeast quarter, but that she conveyed it to Reuben.

Plaintiffs answered Reuben E. Murray's cross-complaint; denied that he owned the twenty acres, and denied that he had been in exclusive adverse possession.

It was agreed by the parties that Storthz purchased the share of Mrs. Pinkerton, April 30, 1900, and was entitled in division to her share; and, further, that the deed made by the sister of Reuben E. Murray to him October 8, 1890, was recorded January 9, 1900.

Upon the testimony in the case the court decreed in favor of the defendant, Reuben E. Murray, and appointed commissioners to make partition and report to the court. Upon the filing of the report of the commissioners, the appellant filed exceptions thereto, which were overruled by the court, and he prayed an appeal to this court, which was granted, and the record and proceedings are duly certified to this court.

*John B. Jones,* for appellant.

Murray is estopped from claiming the 20 acres against Storthz. 35 Ark. 365; 37 Ark. 47; Bigelow, Fraud, 439, 440; Kerr, Fraud

& Mistake, 127, 130. 'Estoppel will arise from conduct. Kerr, Fraud & Mistake, 131; 3 Rawle, 492.

*John D. Shackleford.*

This court has decided this case in 54 Ark. 499.

*John B. Jones,* for appellant in reply.

The possession of one tenant in common is the possession of all. 42 Ark. 289; 20 Ark. 547; Busw. Lim. & Adv. Pos. § 296.

HUGHES, J., (after stating the facts.) The main questions in this case are: (1) Did the appellee, Reuben E. Murray, have title to the whole of the south half of the southeast quarter of the south-east quarter of section 24, in township 1 north, range twelve (12) west, which he claims to have bought from his father? (2) Is Reuben E. Murray estopped in any way from claiming title against the appellant, Storthz?

We think the testimony is sufficient to show that Reuben E. Murray bought from his father the said south half of the south-east of the southeast of section 24, township 1 north, range 12 west.

Storthz, the appellant, claims that he is an innocent purchaser, and that he had no notice of the claim of Reuben E. Murray to the whole of the south half of the southeast quarter of the southeast quarter of section 24, township 1 north, range 12 west, when he bought the interest he claims in the entire southeast quarter of 24, and says that Reuben encouraged him to buy, and told him the heirs each had only one-eighth interest in the south-east quarter of 24. This Reuben in his testimony denies.

Reuben E. Murray relies upon his purchase from his father and seven years' adverse possession thereafter. He testifies, that in the spring of 1884 a cross fence was built by him, separating the east half of the southeast quarter of 24, township 1 north, range 12 west, from the north half of said southeast quarter of southeast quarter of 24; that he had possession and charge of the whole 40 at that time; that a fellow by the name of Joe Dike, a tenant, lived on the south half of east half of southeast quarter of 24 at that time; that he lived there five or six years, and paid him rent. "There are 10 or 12 acres that had been in cultivation. Part of it I used as a pasture. On my part there are about 7 or 8 acres

still in cultivation. The part not in cultivation was under fence." Says that he has claimed the south half of east 40 since he bought it against everybody; that it was under fence at the time the appellant bought. "My possession has been continuous, and never interrupted in any shape. The whole of east 40 was put under fence in winter of 1875 and spring of 1876." Says that he took possession December, 1879, and remained there till 1887; says that he had open, notorious and exclusive possession of this land during all this time.

So it seems that at the time the appellant, Storthz, bought the appellee was in possession, through his tenant, Dike, who continued in possession five or six years thereafter, after the cross-fence was built in 1884. It therefore appears from the evidence that the appellant had notice of Reuben E. Murray's claim when he bought, as the possession of Murray through his tenant was sufficient to charge him with notice. He was bound to take notice.

The appellant's claim that he was an innocent purchaser is not maintained by the proof, and upon the whole case the decree is affirmed.

There is not proof to sustain the exceptions to the report of the commissioners, which was rightly approved.

ON RE-HEARING.

Opinion delivered November 22, 1902.

HUGHES, J. Upon a re-examination of this case upon motion for reconsideration, we are of the opinion that the testimony in the case tends to show that, when Storthz, the appellant, bought the one-eighth interest of Benson Murray in the land in controversy, he had no notice of the claim of Reuben E. Murray to the 20 acres in the south half southeast quarter of southeast quarter of section 24, township 1 north, range 12 west, as there was no deed for the same in the record, which Storthz examined for the title, and that Reuben E. Murray did not tell him of his claim to the 20 acres when Storthz gave him to understand he was desirous of buying Benson's interest. The fact that Dike, the tenant of Reuben E. Murray, was in possession was sufficient to put Storthz on inquiry, and he made inquiry by examining the record, and found that the land had been owned by the father of the heirs,

who, he knew, were eight in number. Upon this Storthz bought and paid cash for the interest of Benson. Therefore, as to this interest of Benson, Storthz was a *bona fide* purchaser without notice of Reuben's claim, which was not of record, and of which he was not informed. In the case of *Fargason* v. *Edrington,* 49 Ark. 217, it is said: "The circumstances of his being in possession undoubtedly had a tendency to excite inquiry in the minds of those contemplating a purchase, but the fact that he had placed the evidence of his right to occupy upon record, where it is accessible to the whole world, arrested inquiry at that point, and plainly informed every one that they might rest securely upon the fact that he held in his own right, and for no one else. J. T. Fargason & Co. had a right to rest upon this fact, and were not required to make any further inquiry as to how he held; and it follows that the possession of Matthews was no notice of Mrs. Edrington's claim,"—citing Jones on Mortgages, § 600, and other cases. Matthews was in possession, holding the land, it was claimed, for Mrs. Edrington, but he had bought the land, and taken deed in his own name, and had it recorded. Fargason & Co., for a valuable consideration, bought under Matthews' deed of trust executed to them, without any actual notice of Mrs. Edrington's claim.

As to the interest of Ben D. Murray, which was one-eighth, Storthz, the appellant, bought this, after he was informed of Reuben's interest by Reuben, and he therefore bought with actual notice, and is not as to this an innocent purchaser.

The decree will be modified accordingly, with directions to set aside to Storthz an additional one-eighth interest in the 20 acres in accordance herewith, and the cause is remanded that these directions may be carried out.

