WEAVER-DOWDY COMPANY *v.* MARTIN.

Opinion delivered April 18, 1910.

1.  DEEDS—NOTICE IN LIEU OF RECORD.—Actual notice to a grantee's agent that his grantor had previously sold and conveyed the land to another by an unrecorded deed is equivalent to record notice of such deed.   (Page 505.)

2.  SAME—EQUITABLE MORTGAGE—NOTICE.—The rule that actual notice of an unrecorded mortgage is not equivalent to record notice thereof is inapplicable to the case of an absolute deed intended as a mortgage to secure a debt.   (Page 505.)

Appeal from Independence Chancery Court; *George T. Humphries,* Chancellor; affirmed.

*McCaleb & Reeder,* for appellant.

Plaintiff must recover, if at all, on the strength of his own title. 37 Ark. 643; 64 Ark. 383; 76 Ark. 449; 77 Ark. 347; 90 Ark. 190; 90 Ark. 420. Appellant is an innocent purchaser and entitled to the possession of the land.   129 U. S. 579; 123 U. S. 307. The rights of appellant are superior to those of appellee.   89 Ark. 298. Plaintiffs, having failed to record their deeds, cannot hold against subsequent purchasers for value without notice.   74 Cal. 444; 16 Pac. 242; 27 Ark. 557; 149 Ind. 92; 93 Ind. 431; 112 Mo. 502. Neighborhood rumors of a fact are not notice to any one of the fact.   14 Ga. 145; 26 Me. 484; 38 Mich. 96; 59 Pa. 167; 23 Pa. 440; 7 Watts, 261; *Id.* 163; 17 Tex. 143.   An unrecorded mortgage is void as against a subsequently recorded deed.   7 Ark. 505; 13 Ark. 112; 19 Ark. 278; 40 Ark. 146; 31 Ark. 62; *Id.* 163: 88 Ark. 363.   And this is true although the subsequent purchaser had actual notice of such mortgage.   9 Ark. 112; 20 Ark. 190; 18 Ark. 105; 49 Ark. 457; 68 Ark 768; 71 Ark. 517; 33 Ark. 203.

*Samuel M. Casey,* for appellee.

The description of the land in the deeds to appellee is sufficient. 40 Ark. 238; 68 Ark. 544; 83 Ark. 334; 59 Ark 464; 79 Ark. 442. An issue cannot be raised in the Supreme Court for the first time. 64 Ark. 305; 77 Ark. 103. In order to convert an absolute deed into a mortgage, the evidence must be clear and decisive. 75 Ark. 551; 31 Ark. 163. Actual notice to a subsequent purchaser of an unrecorded deed is as binding as though it were recorded. 14 Ark. 294; 44 Ark. 517; 48 Ark. 277; 71 Ark. 31; 68 Ark. 150; 77 Ark. 309. Whatever would put a subsequent purchaser on inquiry would be sufficient notice. 15 Ark. 184; 16 Ark. 340; 50 Ark. 322; 17 Am. St. R. 282. Appellant was not a *bona fide* purchaser. 49 Ark. 214; 55 Ark. 45.

BATTLE, J.. Two suits were instituted in the Independence Chancery Court against Weaver-Dowdy Company, one by J. R. Martin and the other by D. E. Dobson, in which each plaintiff claimed to be the owner of a portion of the east half of the southwest quarter of section 18, township 14 north, range 7 west, the two, in the aggregate, claiming ownership of the entire tract. Each plaintiff claimed ownership under conveyances from J. W. C. Thomas and wife, the deed of Martin being dated November 3, 1905, and that of Dobson August 23, 1906. In May, 1907, the defendant, Weaver-Dowdy Company, procured a deed from Thomas for the entire tract, and caused the same to be immediately recorded, and was proceeding to take possession of the land when the two suits were instituted. At this time the deeds of Martin and Dobson were not recorded. By agreement the two suits were consolidated and were heard as one.

The defense of the defendant in both suits was to the effect that the deeds of plaintiffs were not recorded, and that it purchased the land for a valuable consideration, without notice, actual or constructive, of the prior deeds of Thomas to plaintiff. It sets up an additional defense in the suit instituted by Dobson to the effect that the deed of Dobson, though absolute in form, was intended for a mortgage to secure certain indebtedness of Thomas to Dobson, and was not recorded before the execution of deed by Thomas to the defendant.

Plaintiffs in both suits asked that the deed of Thomas to the defendant be cancelled.

The court rendered a decree in favor of plaintiffs, canceling the deed of Thomas to Weaver-Dowdy Company, and holding the plaintiffs to be the owners of the land involved.

The evidence in the case clearly and satisfactorily proved that the agent of the defendant, while in the course of the performance of his duties as such, had actual notice of the existence of plaintiff's deed and title to the land in controversy before it purchased the same. This was equivalent to a record of them (deed), and fully protected plaintiffs against the subsequent claim and deed of the defendant. *Floyd* v. *Ricks,* 14 Ark. 286, 294; *Brown* v. *Hanauer,* 48 Ark. 277; *Storthz* v. *Chapline,* 71 Ark. 31; *Seawell* v. *Young,* 77 Ark. 309.

The conveyance of Thomas to Dobson was an absolute deed. If it be assumed that it was intended as a mortgage to secure a debt, as the defendant insists, it was valid against the defendant. It (defendant) had notice of its existence before purchasing the land, and as against it no record was necessary. Thomas conveyed all the interest he had in the land to Dobson. He had nothing but an equity to redeem. Whatever interest he had could be enforced only in a court of equity. It is not statutory, or dependent upon the statute for enforcement, but purely equitable and exists *dehors* the record, and cannot be filed or made a matter of record. Having purchased with notice of Dobson's deed, the defendant took nothing as against him and those claiming under him, but subject to his rights, whatever they may be. *Martin* v. *Schichtl,* 60 Ark. 595; *Fort Smith Milling Co.* v. *Mikles,* 61 Ark. 123.

Decree affirmed so far as it effects the rights of the plaintiffs.