BRODERICK *v.* McRAE BOX COMPANY.

Opinion delivered March 31, 1919.

1. FRAUDS, STATUTE OF—SALE OF GROWING TREES.—A sale of growing trees is within the statute of frauds, and must be evidenced by a writing.

2. EVIDENCE—RESERVATION OF TIMBER.—In the absence of fraud or mistake, parol evidence is inadmissible to show that standing timber was accepted when a warranty deed was executed.

3. REFORMATION OF INSTRUMENTS—SUFFICIENCY OF EVIDENCE.—Clear, unequivocal and decisive evidence is necessary to reform a written instrument on the ground of fraud.

4. VENDOR AND PURCHASER—BONA FIDE PURCHASER—NOTICE.—Where, before the execution of a warranty deed, the vendor informed the vendee that the timber on the land had been previously sold, this put the vendee on inquiry as to the rights of the parties who had purchased the timber.

5. VENDOR AND PURCHASER — NOTICE — SUFFICIENCY OF EVIDENCE.— Only a preponderance of evidence is required to establish actual notice to a vendee of the rights of a third person.

Appeal from White Chancery Court; *J. E. Martineau,* Chancellor; reversed in part; affirmed in part.

Thos. E. Broderick brought this suit in equity against the McRae Box Company, Jim K. Hale, E. T. Hall and S. M. Hall, to restrain them from cutting and removing timber from the 80 acres of land described in the complaint and, also, to account to him for the value of the timber already cut.

E. T. and S. M. Hall filed a separate answer to the complaint. They stated that they had sold the land described in the plaintiff's complaint to the plaintiff and that the gum timber on the land was excepted by them from the sale; that the plaintiff was informed by them at the time he purchased the land that they had already sold the gum timber.

The McRae Box Company filed an answer which contained a general denial of the allegations of the complaint. The question of the jurisdiction of the chancery court to try the cause was raised and all the parties to the suit filed a written stipulation in which they agreed that the cause might be heard and determined in the chancery court.

Thos. E. Broderick testified for himself. According to his testimony, Dr. Hall told him that he had sold the hickory timber on the land, but did not tell him that he had sold the gum timber on it. There was nothing said by Dr. Hall, or anyone for him, about excepting the gum timber from the sale. A warranty deed was executed by Dr. E. T. Hall and by his wife, S. M. Hall, to Thos. E. Broderick for the land described in the complaint. The deed contained a general covenant of warranty and did not contain any exceptions or reservations of the timber on the land. Broderick went into possession of the land under his deed and afterwards a quantity of gum timber was cut and removed from the land by Mr. Hale for the McRae Box Company. The plaintiff also introduced in evidence the warranty deed from Hall and wife to him for the land in question.

Tom Hall, a son of the defendants, E. T. and S. M. Hall, testified for the defendants. According to his tes-.

timony he showed the plaintiff the land and told him that the timber on it had been sold and that the purchaser had until some time in December, 1918, to cut and remove it from the land.

According to the testimony of E. T. Hall, one of the defendants, he told the plaintiff that the timber on the land had been sold to R. B. Hale. Hall first sold the hickory timber on the land to Hale by a written contract and in it, it was provided that Hale should have until December 1,1918, to cut and remove the timber. Subsequently he sold to Hale all the other timber on the land by a contract in writing, and provided in it that Hale should have until the 30th day of December, 1918, to cut and remove the timber. Both of these timber contracts were executed in 1917. The deed from Hall to Broderick was executed in March, 1918. Mrs. S. M. Hall was present when Dr. Hall and Mr. Broderick made the contract for the sale of the land. She stated that her husband told Mr. Broderick that the timber on the land had already been sold and that the purchaser had a certain time in the future within which to cut and remove the timber.

In rebuttal G. W. Treece testified that he bought from Dr. Hall the land south of the land in question and that nothing was said to him about any timber on the land having been sold to Hale or anyone else. The land purchased by Treece from Dr. Hall was a part of the land described in the timber contract from Hall to Hale.

Broderick again testified in rebuttal and denied that Dr. Hall had said anything to him whatever about the timber on the land having been sold by him previously to the sale of the land.

The chancellor found the issues in favor of the defendants and dismissed the complaint for want of equity. The plaintiff has appealed.

*John D. DeBois,* for appellees.

1. The positive testimony of E. T. Hall shows that Broderick was advised of the two timber sales made by him to R. B. Hale at the time he purchased and that he

purchased subject to the two timber deeds or contracts held by R. B. Hale. Being advised as to the sale of the timber and having stated that he understood it, he is estopped to afterwards claim that his deed fails to recite such reservation. 37 Ark. 47-53; 71 *Id.* 31-35.

2. The two timber deeds show a sale of the hickory timber to R. B. Hale and that he had until December 1, 1918, to take the timber from the land. The other or second contract at Beebe, dated September 27, 1917, was a timber sale of all the other timber to R. B. Hale and that the purchaser had until December 30, 1918, to cut and remove it. The written contracts were deeds and the courts of equity will enforce them. Broderick knew of the deeds or contracts at the time he bought and cannot complain.

3. The statute of frauds must be pleaded to avail. 71 Ark. 302; 96 *Id.* 505. The facts warranted the chancellor in dismissing the cause of action.

*John E. Miller* and *C. E. Yingling,* for appellant.

1. The defendants plead a parol reservation of standing and growing timber. Even if the contracts made with Hale are *bona fide* and were outstanding at the time, still they did not vest the title to the timber in him, and he or his vendee would be liable for any timber cut and removed after the execution and delivery of the deed. 109 Ark. 230. No parol condition, reservation or defeasance can be proved where the deed is absolute on its face. 109 Ark. 230; 29 *Id.* 489; 41 *Id.* 293; 8 R. C. L. 1093; 3 Jones on Ev. 367; 10 Ark. 13; 123 *Id.* 18; 110 *Id.* 63; note Ann. Cases 1915 D, 865; 74 Mich. 183; 16 Am. St. 621.

2. No mistake in the execution of the deed was placed, nor does the evidence show any mistake in the deed. The effect of the decree below is to engraft upon the deed a parol reservation of the gum timber. This was error. 2 Pom. Eq. Jur. (4 ed.), 1756-7; 75 Ark. 72; 102 *Id.* 334; 132 *Id.* 227.

HART, J., (after stating the facts). We think that the court erred in dismissing the complaint of the plain-

tiff so far as the defendants, E. T. and S. M. Hall, are concerned. It is settled in this State that growing trees or standing timber are part of the realty, and that consequently a contract for the sale thereof is within the statute of frauds and must be evidenced by a deed or other instrument in writing. *Graysonia-Nashville Lumber Co.* v. *Saline Development Co.,* 118 Ark. 192; *King-Ryder Lumber Co.* v. *Scott,* 73 Ark. 329, and *Kendall* v. *J. I. Porter,* 69 Ark. 442.

It has been frequently said that the general rule that parol evidence cannot be received to modify or vary a written contract arises from the presumption that the parties place their agreement in writing to avoid the consequences flowing from defects of man's memory and the prejudice which might result from the testimony of interested witnesses.

It may be said in this connection that contracts are frequently made which are independent of the written contract, as was the case in *Kimbro* v. *Wells,* 112 Ark. 126. They may be established by parol evidence because being collateral to or independent of the written contract, it was not the intention of the parties to include them in the writing. The value of a written contract largely depends upon the credit to be given it, so that it cannot be modified or varied by proof of facts leading up to the contract itself or occurring at the time of its execution.

In the application of these principles to the facts of the present record, it may be said that all the articles of agreement between Dr. Hall and Broderick for the sale of the land were merged in and extinguished by the subsequent deed thereto between the parties. The deed in the absence of fraud or mistake is the final contract between the parties and cannot be varied or modified by parol evidence. In the application of this rule, this court has held that an oral argreement between the vendor and purchaser of land made at the time of the execution of the deed to the effect that crops growing on the land shall be excepted from the conveyance and remain the property of the vendor is of no effect and may not be proved

by the vendor. *Gibbons v. Dillingham et al.,* 10 Ark. 9, and *Gailey* v. *Ricketts,* 123 Ark. 18. So, too, it was held in *Hardage* v. *Durrett,* 110 Ark. 63, that parol evidence is not admissible to show that a covenant against encumbrances was not intended by the parties to apply to a particular encumbrance, in the absence of a question of fraud or mistake, and when no exception to that effect is contained in the deed itself. Therefore, it was incompetent as far as the defendants, E. T. and S. M. Hall, are concerned to prove by parol evidence that the standing timber had been excepted from the sale at the time it was executed.

Again it is insisted that this exception was left out of the deed by the fraud of the plaintiff. It is true that Hall and his wife both testified that this was left out of the deed at the suggestion of Broderick, but Broderick denies it in positive terms and he is corroborated by another witness who purchased some of the land embraced in the timber contract and who stated that the timber was not excepted when he purchased the land. Without entering into a detailed discussion of the evidence on this point, we are of the opinion that the fraud was not established by that clear, unequivocal and decisive evidence held necessary to reform a written instrument upon the ground of fraud. *Welch* v. *Welch,* 132 Ark. 227.

The court, however, was right in dismissing the complaint so far as the McRae Box Company and Hale were concerned. Prior to the execution of the deed to the land from Hall to Broderick, Hall, by a written contract, sold and conveyed the timber to a third person. According to the testimony introduced for the defendants, McRae Box Company and Hale, Broderick was informed by his vendor before the execution of the deed by the latter to the former that the timber had been sold. This was actual notice to Broderick and put him on inquiry as to the rights of the parties who had purchased the timber. *Kendal* v. *J. I. Porter Lumber Co.,* 69 Ark. 442; *Collins* v. *Bluff City Lumber Co.,* 86 Ark. 202, and *Weaver-Dowdy Co.* v. *Martin,* 94 Ark. 503.

It is true that Broderick denied that Hall told him that he had sold the timber at the time he made the contract with him for the sale of the land; but the testimony as to notice need only be established by a preponderance of the evidence. We are of the opinion that a preponderance of the evidence establishes the fact that Broderick had actual notice that the timber had been sold at the time he made the contract with Hall for the purchase of the land and the deed therefor was executed to him.

It follows that the chancellor was right in dismissing the complaint in so far₃ as the defendants, McRae Box Company and Hale were concerned and the decree as to them will be affirmed.

For the reasons given above, the court erred in dismissing the complaint as to the defendants, E. T. and S. M. Hall and for that error the decree will be reversed and the cause remanded for further proceedings in accordance with the principles of law laid down in this opinion.