NELSON v. FORBES & SONS.

Opinion delivered May 26, 1924.

1. MORTGAGES—PRIOR TRANSFER.—A chattel mortgage is ineffectual if, before its filing, the mortgaged property was turned over to the mortgagor's landlord in payment of rent.

2. APPEAL AND ERROR—ADMISSION OF EVIDENCE—PREJUDICE.— Improper admission of defendant's evidence that, when he bought certain cotton, he did not know of plaintiff's mortgage thereon, was harmless where, under instructions, the jury could not have regarded the matter as one of importance.

3. MORTGAGES—REMOVAL OF MORTGAGED CHATTEL TO THIS STATE.—A chattel mortgage, executed and valid in another State, and properly recorded there, will be enforced in Arkansas on removal to this State, even against an innocent purchaser.

4. LANDLORD AND TENANT—EXTINGUISHMENT OF RELATION BY DEED
   TO TENANT.—Where a landlord, without reserving the rent, exe-
   cuted an absolute deed to his tenant, his right to recover rent as
   such was extinguished, though it was agreed that the amount of
   the note for rent, when paid, should be credited as purchase
   money.

5. EVIDENCE—PAROL EVIDENCE TO VARY WRITING.—Where a landlord
   executed an absolute deed to his tenant, parol evidence is not
   admissible to prove a reservation of rents.

6. MORTGAGES—DESCRIPTION OF PROPERTY.—A description in an Okla-
   homa chattel mortgage of "12 bales of cotton of the 1920 crop
   now in my barn one mile west of Rock Island, Oklahoma," *held*
   sufficient.

7. MORTGAGES—VALIDATION OF CHATTEL MORTGAGE—DISINTERESTED
   WITNESSES.—Under Comp. Stat. Okla. 1921, §§ 7650, 7655, pro-
   viding for the validation of a chattel mortgage by two disinter-
   ested witnesses to entitle it to be filed, the filing of a mortgage
   till canceled is constructive notice, notwithstanding the dis-
   qualification of witnesses not appearing from the face of the
   mortgage.

Appeal from Sebastian Circuit Court, Fort Smith
District; *John E. Tatum,* Judge; reversed.

*George W. Johnson* and *G. L. Grant,* for appellant.

The court erred in admitting testimony as to whether
or not appellee had personal knowledge of the existence
of the mortgage. The mortgage was executed and filed
according to the statutes of Oklahoma (1921), §§ 7650,
7651, 7655. The lien of a mortgage in another State is
not displaced by the wrongful removal of the property
from that State to this. 73 Ark. 16. It was error to
permit Smith to testify that Bromley was his tenant in
1920. Bromley held under a deed from Smith which
contained no reservation of the rent, and Smith could
not by parol testimony attach a condition or reservation
that did not appear in the deed itself. See 122 Pac. 544;
10 Ark. 9; 51 Ark. 218. The cotton was not delivered to
Smith prior to the execution of the mortgage, but was
still in the possession of Bromley. 47 Ark. 210.

*Holland & Holland,* for appellee.

The question of whether or not the cotton was deliv-
ered to Smith prior to the execution of the mortgage

was one of fact to be decided by the jury. 103 Ark. 545. There being sufficient evidence to sustain this finding, it should stand. 67 Ark. 531; 74 Ark. 478; 97 Ark. 486; 153 Ark. 614. Where the relation of landlord and tenant exists, it is immaterial that the landlord was not in fact the owner of the land as regards his claim to the statutory lien. 16 R. C. L. p. 985, § 488. Upon default in contracts of sale, the relation of landlord and tenant relates back to the time fixed for payment by agreement. 95 Ark. 32. The rent was to be paid as part of the consideration, and it was proper to prove this by parol evidence. 150 Ark. 430. A vendor may make a conditional sale and give the vendee an option to hold as purchaser or as tenant. 48 Ark. 416. The mortgage was improperly acknowledged. The witnesses were children of Bromley, and had an interest therein. 5 R. C. L. p. 393, § 13; see note 9 also. The recording of such a mortgage gave no notice to a stranger. 20 Ark. 190; 9 Ark. 112; 1 R. C. L. p. 265, § 32.

SMITH, J. Appellant Nelson brought this action against appellees Forbes & Sons to recover twelve bales of cotton which had been mortgaged to him in the State of Oklahoma by W. M. Bromley. The cotton was brought into this State and sold to appellees at Hackett, Arkansas, by Z. R. Smith, to whom it had been turned over by Bromley in payment of an alleged rent note.

Smith had contracted to sell Bromley the land on which the cotton was grown, and on November 11, 1919, executed a deed to Bromley for the recited consideration of $7,500 cash in hand paid. This deed was not then delivered, but was placed in escrow until Bromley could raise a cash payment which was required. Before the delivery of the deed Smith rented the land to Bromley for a thousand dollars for the year 1920, and took a note for that amount, dated January 27, 1920, and due November 15 of that year. It was understood, however, when the deed was delivered, that the thousand dollars, when paid, should be treated as a payment of purchase money.

Bromley entered into possession of the land and cultivated it for the year 1920, and the twelve bales of cotton involved in this litigation were a part of the crop grown that year. All the cotton was sold by Bromley except the twelve bales, which were not sold because the price was not satisfactory, and the cotton was stored in a barn at Bromley's house.

The mortgage from Bromley to Nelson was dated August 2, 1921, and one of the disputed questions of fact in the case is whether the cotton so stored had been delivered to Smith prior to the execution and delivery of the mortgage, and the conflict in the testimony makes a question for the jury whether there had been a delivery to Smith prior to August 5, the date the mortgage was filed. Had that been done, this, of course, would be decisive of the case, as the title to the cotton would have passed to Smith upon its delivery to him. It is insisted, however, that the testimony shows that no delivery of the cotton to Smith had ever been made until after the execution of the mortgage, and that Bromley was in possession of it for himself, holding it to be sold when the market price advanced.

Finally, in January, 1922, Smith took the cotton out of Oklahoma and sold it to appellees in this State. This was after the mortgage had been executed, and the suit was brought to recover the cotton under the mortgage.

When Will Forbes, one of the appellees, was on the stand the court permitted counsel for appellees, over appellant's objection, to ask him if he knew of the mortgage when he bought the cotton, and he answered that he did not. This was an improper question, but we think no prejudice could have resulted from the action of the court in permitting it to be asked. The witness answered that he knew nothing of the mortgage, and there was no attempt to charge him with notice, but the instructions did not submit this question, and, under the instructions given, the jury could not have regarded the question as of any importance.

Appellant asked an instruction numbered 1 which presented his theory of the case. It reads as follows: "If you find, by a preponderance of the evidence in this case, that Smith sold the land to Bromley and conveyed the title to same, and that, after doing so, Bromley grew the cotton on the land and then mortgaged the cotton to the plaintiff to secure an indebtedness which he, Bromley, owed to the plaintiff, and the plaintiff had his mortgage recorded in LeFlore County, and that the cotton, at the time of the execution of the mortgage, was in LeFlore County, Oklahoma, and that thereafter Bromley disposed of the cotton to Smith, or that Smith removed it from LeFlore County, Oklahoma, to Sebastian County, Arkansas, and the indebtedness secured by the mortgage is yet unpaid, then the plaintiff is entitled to the possession of the cotton, and your verdict should be for him."

The court did not give the instruction as asked, but gave it after adding the following proviso: "Unless you further find that Smith reserved the rent, and that the bales of cotton in controversy were turned over to Smith as rent, then and in that event defendant Forbes would take a title free from the mortgage of plaintiff Nelson, and you should find for defendant Forbes."

In the case of *F. E. Creelman Lumber Co.* v. *Lesh,* 73 Ark. 16, this court said: "In *Hall* v. *Pillow* this court held that the lien of a mortgage in another State was not displaced by the wrongful removal of the property from that State to this. 31 Ark. 32. The authorities generally hold that a chattel mortgage, good according to the laws of the place where the mortgage is executed and recorded and the property is then situated, will be good, by comity, in any State to which the property may be afterward removed by the mortgagor, unless there is some statute in such State to the contrary. This, too, as against an innocent purchaser for value from the mortgagor. In some cases it is said the rule obtains, even though the property may have been removed with the consent of the mortgagee. *Sheppard* v. *Hynes,* 104 Fed. Rep. 449; *Alferitz* v. *Ingalls,* 83 Fed. Rep. 964, and authorities cited

in both cases. See also authorities cited at p. 1061, Pingrey, . Chattel Mortg., § 435; Jones, Chat. Mort. § 260.''

It was proper therefore for the court to instruct the jury that, if the mortgage was valid under the laws of Oklahoma, and had been properly recorded, it would be enforced in this State, even as against an innocent purchaser for value; but the instruction ignored the contention of the defendants that the cotton had been delivered to Smith before the mortgage was executed, which, as. we have said, is one of the questions of fact that cannot be treated as undisputed.

We think, however, that the modification of the instruction was erroneous. The undisputed evidence shows that, after the rent note was taken, the deed was delivered. Thereupon the character of Bromley's possession was changed from that of tenant to purchaser, and the relation of landlord and tenant ceased, and there could thereafter be no lien for rent. The deed contained no reservation of the rents, and we said in the case of *Barfield Mercantile Co.* v. *Connery,* 150 Ark. 428: ''It is well settled that a deed conveying the title to land in fee simple carries with it the right to collect the rents, and, 'unless the deed reserves the right in the grantor to collect and use the rents, these pass as a necessary incident with the land to the grantee.' *Gibbons* v. *Dillingham,* 10 Ark. 9; *Latham* v. *First National Bank of Ft. Smith,* 92 Ark. 315; *Gailey* v. *Ricketts,* 123 Ark. 18. Where the deed is absolute on its face and contains no reservation of the rents, proof of an oral reservation is not admissible. *Gibbons* v. *Dillingham, supra; Hardage* v. *Durrett,* 110 Ark. 63; *Broderick* v. *McRae Box Co.,* 138 Ark. 215.'' And this is true although the conveyance is to a tenant in possession who entered under a contract to pay rent. *Barfield Mercantile Co.* v. *Connery, supra.*

In the case just quoted from we recognize the fact that an agreement to pay rent for the year in which the conveyance was made might be shown as a part of the consideration for the deed, and that the admission of

oral proof of such an agreement would not offend against any of the established rules of evidence; but the testimony here shows no such agreement. It only shows an agreement to pay a thousand dollars rent, made before the deed was delivered, and, as we have said, the delivery of the deed merged the leasehold interest in the larger estate and extinguished the relation of landlord and tenant, and the thousand dollars, when paid, were to be credited as purchase money.

We have upheld contracts for the conveyance of land which provided that, upon the vendee's failure to pay any installment of purchase money, the contract of sale should be void and the land revert to the vendor, and that the relation of landlord and tenant should then arise; but, in one of the cases in which it was so held, that of *Murphy* v. *Myar,* 95 Ark. 32, it was said that this was true because it was manifest that it was the intention of the parties to the contract that their relation should be determined by the performance or failure to perform the condition of payment named in the contract. If the condition was performed, then the relation of vendor and vendee would exist; but, if it was not performed, then the relation that would exist between them was that of landlord and tenant.

The deed to Bromley has no such conditions. It is a deed, and nothing else. The deed is absolute, and, upon its delivery, passed the title, and parol evidence was not admissible therefore to show that there had been a reservation of the rents.

It is finally insisted that the chattel mortgage was invalid for the reason that it was not properly attested, and therefore not entitled to be filed, as required by the laws of Oklahoma.

The mortgage was executed in the form prescribed by § 7644, Compiled Statutes of Oklahoma (1921), and the cotton is therein described as "twelve bales of cotton of the 1920 crop, now in my barn, one mile west of Rock Island, Oklahoma," which was a sufficient description of the property to identify it.

Section 7650 of the Compiled Statutes of Oklahoma provides that mortgages of personal property are not valid against certain persons, including subsequent purchasers for value, unless the original mortgage or an authenticated copy thereof is filed in the office of the register of deeds of the county where the property is situated. And the mortgages which may be so filed are those which are executed or attested as required by § 7655 of the Compiled Statutes, which is as follows: ''A mortgage of personal property must be signed by the mortgagor. Such signature may either be attested by acknowledgment before any person authorized to take acknowledgments of deeds, or it may be signed and validated by the signature of two persons not interested therein. Mortgages signed in the presence of two witnesses, or acknowledged before an officer, as herein provided, shall be duly admitted of record.''

The mortgage in question is attested by Thomas Bromley and Albert Bromley, and it is said that the attesting witnesses are the minor children of the mortgagor, and are not disinterested witnesses within the meaning of the statute quoted.

It does not appear by what authority this statement is made, as no testimony is abstracted or referred to upon which to base it. The fact may be as stated, but, if so, it does not appear from the record before us as abstracted.

Moreover, the relationship or interest or minority of the attesting witnesses does not appear from the face of the instrument which they witnessed, and we need not therefore consider whether the infancy of the witnesses or their relationship to the mortgagor is such as to render them ineligible as attesting witnesses under the statute quoted, because of the construction of this statute by the Supreme Court of Oklahoma.

The statute was construed in the case of *Lankford* v. *First National Bank of Lawton*, 75 Okla. 159, 183 Pac. 59. It was there insisted that the attesting witnesses to the mortgage in question were interested, but the interest did not appear upon the face of the mortgage. The court

quoted the two rules on this subject as stated in 1 C. J., pages 772 and 773, and approved what was stated to be the majority rule, and announced its conclusion as follows: "The courts that are in accord with the Supreme Court of Oklahoma have adopted the rule that, where an instrument has been acknowledged or attested, which acknowledgment or attestation is regular upon its face, but the officer who takes the acknowledgment or witness who attests the same are disqualified by reason of their interest therein, but said fact does not appear upon the face of the instrument, the recording or filing of the instrument for record is voidable, and not void, and the same imparts constructive notice to every one until the recording of the same is canceled or set aside; and the same will support an action by the mortgagor therein to have the same canceled of record by reason of the interest of the witnesses, or the person who has taken the acknowledgment; but until the same is canceled, or proceeding brought to cancel the same, it is of the same binding force and effect as if said defect did not exist, and is constructive notice to all subsequent purchasers or incumbrancers. The courts holding to the contrary hold that the recording of said instrument, although regular on its face, is void, and is not notice." See also *Harney v. Montgomery,* 29 Wyo. 362, 213 Pac. 378.

It follows therefore that the mortgage was valid under the laws of Oklahoma, and there is no question of priority between it and the lien of the landlord, for the reason that the landlord had no lien. Had the deed not been delivered until after the rent had become due, a different question would be presented, but the undisputed testimony is that the deed was delivered in the spring of 1920, and the note was not, by its terms, payable until November 15 thereafter.

The agreed value of the cotton is one thousand dollars, and we would render judgment for appellant for that amount but for the uncertainty as to the time of the delivery of the cotton to Smith.

The judgment of the court will therefore be reversed, and the cause remanded with directions to submit the case under an instruction to the effect that a verdict should be rendered in favor of the plaintiff, unless the jury finds the fact to be that, before the filing of the mortgage, the cotton had been delivered to Smith.