TREADWAY *v.* ARKANSAS LOUISIANA GAS COMPANY.

4-5190                                                120 S. W. 2d 378.

Opinion delivered October 17, 1938.

*C. W. Garner,* for appellant.

*House, Moses & Holmes* and *T. J. Gentry, Jr.,* for appellee.

McHANEY, J. Appellant brought this action against appellee to recover certain damages he alleges he sustained by reason of the wrongful cutting off of his gas in a small restaurant which he opened at 1122 Main street, Little Rock, Arkansas, on or about September 8, 1937. He further alleged that he deposited $15 with appellee under a contract with it to furnish natural gas to him in said restaurant for cooking purposes and that pursuant to said contract, appellee installed a meter upon the premises and began to furnish him gas; that on October 29, 1937, appellee wrongfully discontinued serving appellant's place of business and cut off the supply of gas at a time when he was not delinquent on any bill to it and owed it nothing except the current bill which was not due; that on account of the wrongful cutting off of the gas, he was forced to close his restaurant and discontinue his business, for which he claimed damages for various items, including loss of down payments on equipment purchased, in the sum of $57.50, perishables of the value of $25, loss of profits and loss occasioned by the cost of boarding himself, his wife, and their two children for two weeks at

$3 per day. Appellee answered with a general denial of all the material allegations of the complaint.

Trial to a jury resulted in a verdict and judgment in appellee's favor, and the case is here on appeal.

The facts are, when viewed in the light most favorable to the jury's verdict, that on September 7, 1937, appellant applied to appellee to furnish him gas at said location, at which time he put up a deposit of $10 for which he received a receipt and on the next day, September 8, he put up an additional deposit of $5, but that appellee required of him a total deposit of $35; that appellant was unable to pay the whole amount at once and that appellee extended him the privilege of paying the remainder of $20 in two installments of $10 each, one to be paid on October 8, and the other on November 8, a memorandum of which installment payments with the date due being written upon one of his receipts as also on the duplicate receipt retained by appellee; that appellant failed to pay the $10 installment due on October 8, he being notified thereof and warned that if payment were not made by October 29, service would be discontinued; and that on October 29, service was discontinued for failure to make the $10 payment due October 8.

A number of questions are argued for a reversal of the judgment which we will not consider in detail as we are of the opinion that the judgment must be affirmed because the jury has found that appellant breached his contract with appellee. It is true that appellant testified that they promised to furnished him gas when he made the first $10 deposit and that no additional amount was required of him after making the second deposit of $5. This evidence is disputed by that of appellee and the court submitted the question of whether he had breached his contract in appellee's instruction No. 4, which reads as follows: "You are instructed that if you find from the evidence that plaintiff entered into an agreement with the defendant under which agreement plaintiff promised that if defendant would immediately connect his premises with gas service, plaintiff would make a cash deposit of $15 and would make a further deposit of $10 on October 8, 1937, and would make another payment of $10 on Novem-

ber 8, 1937, then the court tells you that when plaintiff failed to pay the $10 due on October 8, 1937, the defendant had the right to discontinue his service and your verdict will be for the defendant.'' This was a correct instruction and the jury found for appellee. Appellant alleged a contract to pay only $15 deposit and so testified. Appellee testified that the contract was in accordance with the above instruction. This made a disputed question of fact and the verdict of the jury settled it against appellant. If appellant made any specific objection to that instruction, it is not abstracted.

Appellant argues that the court erred in refusing to give various instructions relative to the measure of damages. The only recovery permitted by the court's instructions was for loss of perishables, if any, and for nominal damages, if they found for appellant. But the jury did not find anything for appellant, and, of course, he cannot be prejudiced by failure to give instructions on the measure of damages when he failed to recover anything for his perishables or for nominal damages. Appellant also argues that the court erred in refusing to permit him to prove by other witnesses, restaurant owners, that only a $10 deposit had been required of them and that it erred when it refused to submit to the jury the question of whether or not a $35 deposit was reasonable. We think it wholly irrelevant in this case as to what deposit had been required of other restaurant operators and as to whether the $35 deposit was reasonable was not a point in issue since appellant had contracted to put up that amount. The evidence shows that appellee made a survey of the business of appellant and arrived at the figure of $35 upon the basis of the probable amount of gas that would be consumed thereat and the promptness with which appellant previously met his gas bills. In *Arkansas Natural Gas Co.* v. *Norton Company,* 165 Ark. 172, 263 S. W. 775, it was said: ''In this connection it may be stated that, while public service corporations cannot act arbitrarily, or discriminate among their consumers similarly situated by way of favoring one consumer or class of consumers over others, a distinction may be made between different consumers or classes of consumers on

account of location, amount of consumption, or such other material conditions which distinguish them from each other or from other classes.'' Citing cases. The offered testimony as to what appellee charged other operators was, therefore, incompetent and we think it incompetent for another reason and that is because no discrimination was alleged in the pleadings.

The whole case is determined by the question as to whether or not appellant had the contract with appellee which it claimed and whether he breached it. The question of whether appellee discriminated against appellant is not one for consideration in this action.

We find no error, and the judgment is accordingly affirmed.