DOUTHIT *v.* ARK. POWER & LIGHT Co.

5-3737                                        398 S. W. 2d 521

Opinion delivered January 31, 1966

*Donald Poe,* for appellant.

*House, Holmes & Jewell,* for appellee.

PAUL WARD, Justice. Lloyd Douthit and his wife (appellants) instituted this litigation to recover the money paid to Arkansas Power and Light Company (appellee) to procure the installation of electricity for their farm residence.

Appellee filed a motion for summary judgment, and the matter was submitted thereon to the trial judge on exhibits, affidavits, and memorandum briefs. The trial court sustained the motion and dismissed the complaint. On appeal appellants contend, for a reversal; *One,* that they were entitled to electrical service free of charge, and; *Two,* that a genuine issue of fact was presented to the trial court.

*One.* We do not agree that appellee was legally obligated, under the admitted facts of this case, to erect an electrical power line to appellants' farm without first

demanding a reasonable charge therefor. Appellants lived on a farm—not within the corporate limits of any town or city. Appellee had no electrical power line in the immediate vicinity of appellants' farm. To reach the farm it was necessary for appellee to acquire a right-of-way across two other properties, and appellants agreed (in writing) to pay, and did pay, $100 for the same. In like manner appellants agreed (in writing) to pay, and did pay, appellee the sum of $923.49, being the amount (or part of the amount) necessary to erect the power and light line to appellants' property.

Since there is no contention here that the above mentioned charges were unreasonable, we hold that the action of the trial court (in sustaining the motion for a summary judgment) was proper under the rule approved in *City of Malvern* v. *Young*, 205 Ark. 886 (p. 894), 171 S. W. 2d 470, where this Court quoted with approval from Professor Pond in § 275 of his work on Public Utilities, as follows:

> "* * *'Where the location of the prospective customer is unusual and the conditions of furnishing him service are peculiar because of the distance he is removed from the center or thickly populated district of the municipality or because of the sparsely settled condition of his own neighborhood, it is only reasonable that the public service corporation, providing him with its service, be permitted to impose other and different conditions from those applicable to a customer centrally located in the thickly populated district of the municipality.''

To the same effect see *Treadway* v. *Arkansas Louisiana Gas Co.*, 196 Ark. 874, 120 S. W. 2d 378 (1938) and *Twin City Pipe Line Company* v. *Harding Glass Company*, 283 U. S. 353 (1931).

*Two.* We agree with appellants that if any vital and material fact issue was presented the trial court should not have sustained appellees motion for a summary

judgment. One of the grounds for granting a summary judgment is that there is no genuine issue as to a material fact. Ark. Stat. Ann. § 29-211 (Repl. 1962). We are unable to find where any such issue was presented in this case.

It is undisputed that appellants, on October 15, 1959, executed to appellee a Right-of-Way Permit over their land. A copy of such Permit was introduced in evidence as appellee's Exhibit "A". Also in the record is appellee's Exhibit "B" which is a copy of an instrument designated as an "Agreement for Cash Contribution in Aid of Construction." This instrument is also dated October 15, 1959 and is signed by both parties to this action—appellee being "first party" and appellant being "second party." Excerpts in this instrument read:

> "And the said party of the second part desiring the convenience of said service and in consideration of the investment to be made by the party of the first part which cannot be justified by the anticipated revenue does hereby agree to contribute to said party of the first part *nine hundred twenty three* . . 49/100 . . *dollars* before the construction of said line is begun as an inducement to said company to make such preparations for the supplying of electric service at such rates as may be in accordance with the Rules and Regulations of the Arkansas, Public Service Commission."
>
> \* \* \* \* \* \* \*
>
> "It is not intended that said party of the second part shall acquire any rights or interest in or to said electric line or other improvements or equipment the said party of the first part may construct under the provisions hereof, and the party of the first part reserves the right to use said line if constructed to serve other customers which may be connected to this proposed line."

We find no testimony or valid contention in the record which amounts to a contradiction of the terms of the

above mentioned instruments. In appellants' complaint it is alleged that appellee "appropriated such right-of-way to their own use . . . and have extended the electric line and is now using said line of the plaintiffs without paying them . . . ." The prayer was that appellee repay them the sum of $1,023.49. The above allegations and contentions on the part of appellant are patently contrary to the written instruments above mentioned. If any testimony had been offered by appellant (which we do not find in the record) it would not have been admissible under the general rule announced by this Court, more than 120 years ago, in the case of *Bertrand* v. *Byrd,* 5 Ark. 651, where we said:

"The general rule upon both principle and policy is, that a written contract mutually adopted by the parties for the security of these rights, and as the highest evidence of their intentions, shall not be impaired or impeached by parol."

In *Mitchell* v. *Martindill,* 209 Ark. 66 (p. 69), 189 S. W. 2d 662 there appears this statement:

"The written instrument must be considered as containing the true agreement between the parties, and as furnishing better evidence than any which can be supplied by parol. . . . "

Accordingly the judgment of the trial court must be, and it is hereby, affirmed.

COBB, J., not participating.