926

### William E. McPHERSON, Jr. *v.*
### Audra McPherson JOHNSON

CA 80-244           606 S.W. 2d 613
Court of Appeals of Arkansas
Opinion delivered October 29, 1980

*Russell Rogers*, for appellant.

*Malcolm Smith* and *Jay Eldridge*, for appellee.

JAMES H. PILKINTON, Judge. Appellant questions the correctness of a circuit court judgment for the rent in favor of appellee. The rent in question accrued prior to a conveyance by appellee of her interests in the land to appellant, a co-tenant in possession, who had earlier entered into sole possession of the land under a contract to pay rent.

The parties are brother and sister. In 1974 they owned, together with another sister, as tenants in common, a certain farm, in Arkansas County. Each owned an undivided one-third interest in the land.

The two sisters entered into a lease agreement, as of

January 1, 1974, by which they leased their respective interests in the land to their brother for farming purposes during 1974. The lease called for payment of cash rent of $5,000 to each lessor on or before December 31, 1974. With reference to payment of rent, the lease also provided:

> ... or due to the event of a forthcoming sale by the lessors to the lessee the cash rental shall be pro-rated monthly.

On the 24th day of April, 1974, the sisters entered into a contract of sale and purchaser with their brother under which he agreed to buy their undivided two-thirds interest in the land for the sum of $411,200.

On the 24th day of August, 1974, the appellee, and her sister who is not a party to this litigation, conveyed to the brother, the appellant here, their two-thirds interest by warranty deed.

In March of 1979 Audra McPherson Johnson, one of the sisters and appellee here, sued appellant for her share of the cash rent under the January 1, 1974, lease. Appellee contends that she is entitled to rent on a pro-rata basis arrived at by figuring the rent for eight months between the date of the lease agreement and the closing of the sale. Appellant denied the claim, and raised the affirmative defense of estoppel. The record consists of the pleadings, requests for admissions, response to requests for admissions, the lease agreement, the contract of sale, and the deed. No oral testimony was offered or received. At the close of the evidence, appellant, as defendant below, moved for dismissal. The trial court denied the motion and entered judgment against appellant for $3,333, the amount of the pro-rata rent claimed by the plaintiff.

It was the view of the trial court that the lease agreement of January 1, 1974, and the warranty deed of August 24, 1974, should be read together, and be considered as one transaction, thereby entitling appellee to her pro-rata share for eight months of the cash rent under the lease agreement. This interpretation of the transaction might be correct except that the trial court obviously overlooked the specific provisions of

the sales agreement executed by the parties on April 24, 1974. This document provided, among other things:

> It is understood and agreed between the parties hereto that the 1973 state and county taxes payable in the year 1974 shall be paid by the party of the second part and *the party of the second part shall have full rights to possession of the property as of January 1st, 1974*. It is agreed that the parties of the first part shall pay the cost of the transfer stamps on the deed, the cost of preparing the deed and their own attorney's fees. The party of the second part shall pay his own attorney's fee and any mortgage origination costs. (Emphasis supplied).

The lease agreement had provided that appellant should pay all taxes and assessment due against the land in 1974, and that no deduction would be made for taxes or other expenses of the rental due the lessor. That provision was carried forward into the sales agreement, but no specific mention or reservation of accrued rentals were made in either the sales contract or the deed, although other matters of vital concern to the parties were specifically dealt with in the sale contract. No exceptions or reservations were made in the deed other than one dealing with oil, gas and minerals which is not germane to the issue before us. The sales agreement set out specifically that the party of the second part (appellant) shall have full rights to possession of the property as of January 1, 1974.

The undisputed evidence shows that the contract of sale was executed after the lease agreement; and that the warranty deed was delivered, not only after the lease, but after and pursuant to the contract of sale. Upon the delivery of the deed, the character of appellant's possession was changed from that of tenant to purchaser, and the relation of landlord and tenant ceased, and there could thereafter be no rent due unless specifically reserved. We find no reservation of rent here. See Ark. Stat. Ann. § 50-401 (Repl. 1971).

It is well settled that a deed conveying the title of land in fee simple carries with it the right to collect the rents; and, unless the deed reserves the right in the grantor to collect and

use the rents, these pass as a necessary incident with the land to the grantee. *Nelson* v. *Forbes and Son*, 164 Ark. 460, 261 S.W. 910. That case also points out:

> Where the deed is absolute on its face and contains no reservation of the rents, proof of an oral reservation is not admissible. *Gibbons* v. *Dillingham*, 10 Ark. 9; *Hardage* v. *Durrett*, 110 Ark. 63; *Broderick* v. *McRae Box Co.*, 138 Ark. 215. This is true although the conveyance is to tenant in possession who entered under a contract to pay rent. *Barfield Mercantile Company* v. *Connery Co.*, 150 Ark. 428.

The case of *Nelson* v. *Forbes, supra*, and earlier case law, recognize the fact that an agreement to pay rent for the year in which a conveyance is made *may* be shown as a part of the consideration for the deed, and that the admission of oral proof of such an agreement would not offend any of the established rules of evidence; but the record here shows no such agreement. On the contrary, the sales contract executed in April of 1974 specifically provides on its face that the appellee and her sister, as sellers, agreed to accept the sum of $411,200 as *full* consideration for the sale of their undivided two-thirds interest in the said lands. No mention is made of the rents as being a part of the consideration, and no reservation of rents was made in either the sales contract or in the deed.

We have concluded that the trial court was in error in refusing to grant appellant's motion to dismiss. Therefore the judgment is reversed and the case dismissed.