### YOUNG v. BARDE.

4-4680

Opinion delivered June 28, 1937.

*J. W. Nance,* for appellant.

*J. Wesley Sampier* and *Duty & Duty,* for appellees.

BUTLER, J. The appellees instituted this action to cancel a deed purported to have been executed by Nancy C. Hileman conveying to her daughter, Edith Hileman, and the appellant, Ed Young, the farm upon which she was living, and the personal property owned by her. It was alleged as grounds for cancellation that the deed was never delivered to the grantee, Edith Hileman, and

that she had no knowledge of its execution until after the death of the grantor; that in truth the deed was executed for the purpose of conveying the said property to Edith Hileman, and that it came into possession of the appellant who entered his name after that of Edith Hileman as one of the parties grantee, and that the alteration was in effect a forgery; that the deed as altered was wholly without consideration and void, the same not having been delivered by the grantor in her lifetime.

The appellant answered denying the allegations of the complaint, and the case went to trial upon the complaint and answer. Before the conclusion of the trial, appellees amended the complaint so as to allege the appellant fraudulently procured the insertion of his name in the deed as one of the parties grantee. Edith Hileman disclaimed any interest in the property under the alleged deed and, at the conclusion of all of the testimony, the trial court found as follows:

"That there was not a sufficient delivery of the deed dated January 10, 1933, during the lifetime of the grantor, and that the grantee, Edith Hileman, had no knowledge of the execution of such deed until after the death of the grantor, who was the mother of the said defendant, and that she now refuses to accept said gift.

"That the defendant, Ed Young, was and had been for 13 years in the home of the deceased, and was the only man in said home and was the confidential adviser of the deceased and her daughter, Edith Hileman, for a period of thirteen years prior to the death of the said Nancy C. Hileman. That the deceased was old, feeble and in ill health at the time of the execution of said deed and until her death, and that she had no advice or counsel about the transaction except that of the defendant, Ed Young; that the defendant, Ed Young, kept the execution of said deed a secret from his co-grantee, Edith Hileman, and from the other children, the plaintiffs in this case, all of whom were congenial and on intimate terms with their mother. That their mother had assured them that she was leaving the property to her daughter, Edith Hileman, which was agreeable to all of them. That

the circumstances of the execution of said deed and the control of the same thereafter, and the secrecy surrounding the transaction, and the condition of the deed itself, though not sufficient to warrant a finding that the name of Ed Young was added to said deed as a forgery, do amount to a constructive fraud.

"That the attempted gift of the personal property is void because no delivery was made of said property during the lifetime of the donor, and because the defendant, Ed Young, paid $50 January 1, 1935, and $20 April 10, 1935, after the execution of said deed, on a note he owed the donor, and which was supposed to have been given in the said deed to himself and Edith Hileman."

In accordance with the above findings a decree was entered canceling the deed from which this appeal has been prosecuted. It is contended (1) that the trial court erred in allowing the amendment to the complaint. In the abstract and brief furnished us by the appellant we fail to discover any objection interposed, at the time of the court's action, or that he pleaded surprise and asked for a continuance. The evidence relative to the alleged fraudulent conduct of appellant was pertinent to the allegation of forgery, and the amendment to the complaint did not constitute a new cause of action, but served to allege another and related reason for the cancellation of the deed. Under our code of pleadings, it is always permissible to allow amendments to conform to the proof where such amendment does not change the issues and especially where there is no motion for a continuance to meet the evidence upon which the amendment is based.

Since the trial court has found that the circumstances surrounding the execution of the deed and the subsequent conduct of appellant with relation thereto are not sufficient to establish a forgery, we deem it unnecessary to comment upon that phase of the evidence. Nor do we deem it necessary to set out the testimony relating to the issue raised by the amendment other than to say that the conclusion of the lower court is supported by a preponderance of the evidence.

(2) The evidence clearly establishes the most intimate and confidential relationship between appellant and Mrs. Nancy C. Hileman and her daughter, Edith Hileman. It is, also, undisputed that there was no consideration for the deed in money paid or services rendered. Therefore, the purported conveyance was, if anything, a mere gift, and, under settled rules, it was the duty of appellant to establish that the same was free and voluntary by convincing testimony. The general rule is that where special trust and confidence exists between the parties to a deed, the gift to the party holding the dominant position is *prima facie* void. In *Gillespie* v. *Holland*, 40 Ark. 28, 48 Am. Rep. 1, cited by appellees, the court announces the doctrine from which there has been no deviation, as follows: "It has been the well-established doctrine in equity that contracts, and most especially gifts, will be scrutinized with the most jealous care when made between parties who occupy such confidential relation as to make it the duty of the person benefited by the contract or bounty, to guard and protect the interests of the other and give such advice as would promote those interests. And this is not confined to cases where there is a legal control. * * * They are supposed to arise wherever there is a relation of dependence or confidence, especially that most unquestioning of all confidences which springs from affection on one side and a trust in a reciprocal affection on the other. The cases for the application of the doctrine can not be scheduled. They pervade all social and domestic life. The application may sometimes be harsh, and one might well wish that an exception could be made, but there is a higher policy which demands that it should be universal. The language. of Lord Kingsdownein, *Smith* v. *Kay*, 7 H. of Lords Cases 750, has been considered striking. He says that relief in equity will always be afforded against transactions in which 'influence has been acquired and abused, in which confidence has been reposed and betrayed.' "

The facts as found by the trial court and established by a preponderance of the evidence calls for the application of the doctrine, *supra*, and justifies the decree which is, therefore, affirmed.