WILLIAMS *v.* KITCHELL.

4-8259.                                          204 S. W. 2d 873

Opinion delivered October 20, 1947.

*Aubert Martin,* for appellant.

*DuVal L. Purkins,* for appellee.

HOLT, J.   December 15, 1945, Ernie W. Clanton and his wife conveyed to appellant, T. Z. Dees, certain timber on a forty-acre tract of land in Bradley county.   Twenty acres of the land appears to have been cleared and approximately seventeen acres in timber.   This timber deed was not filed for record until May 17, 1946.

On June 5, 1946, Dees conveyed to appellant, Carl F. Williams, and his wife, his interest in the timber and thereafter on January 30, 1946, before the timber deed to Dees was recorded, the Clantons, who owned the land in question, conveyed by warranty deed to appellee, Fred Kitchell, the forty-acre tract upon which the timber sold to Dees was located.   This warranty deed contained the usual warranty clause and contained no mention of timber deed, liens, or incumbrances of any kind.

The present suit was instituted by appellee, Kitchell, to enjoin appellants from cutting or removing any timber from the land in question, and for damages for all timber cut and removed.

Appellants answered with a general denial and further alleged that appellee purchased from the Clantons with full knowledge of the outstanding timber deed of the Clantons to Dees, and, therefore, was not an innocent purchaser.   There was also the allegation that the warranty deed from the Clantons to Kitchell was not properly acknowledged, that the recording of said deed was unauthorized, and was no notice to appellants.

Upon a hearing, the court below entered a decree in favor of appellee, Kitchell, and this appeal followed.

Appellants say that the "real issue in this case is: 'Was the plaintiff, Kitchell, a *bona fide* purchaser for value without notice?'" We agree that this is the real question and we think the decisive and controlling one in the case.

Whether the acknowledgment on the warranty deed from the Clantons to appellee, Kitchell, was valid or the deed recorded, we think immaterial in the circumstances here for the reason that the rule is well settled, and this court has held that "a deed delivered, passes the title as between the parties, although it is neither acknowledged nor recorded; and is good, though without date, as it takes effect from delivery." *Floyd et al.* v. *Ricks,* 14 Ark. 286 (headnote 6) 58 Am. Dec. 374. See, also, *Dawkins* v. *Petteys,* 121 Ark. 498, 181 S. W. 901, and cases there cited.

The Clantons, who executed the warranty deed, supra, to appellee are not parties to this suit. We are concerned with whether Kitchell at the time the Clantons conveyed the land to him had notice of appellants' claims under their then unrecorded timber deeds, *supra*. This presented a question of fact which need only be established by a preponderance of the evidence, and unless we can say from the findings of the trial court that appellee, Kitchell, had not been put upon notice of appellants' claims were against the preponderance of the testimony, we must affirm.

This rule was announced by this court in *Broderick* v. *McRae Box Co.,* 138 Ark. 215, 210 S. W. 935, and the principles of law applied there are controlling here. In that case it was said: "It is true that Broderick denied that Hall told him that he had sold the timber at the time he made the contract with him for the sale of the land; but the testimony as to notice need only be established by a preponderance of the evidence."

The evidence on the part of appellee is to the following effect: Appellee, Kitchell, purchased the forty-acre

tract of land here in question for a consideration of $1,000 from the Clantons January 30, 1946, and recorded his deed February 11, 1946. The improvements consisted of a small house, badly in need of repair, and a barn with the roof "rotted off." The fences were practically all down.

All negotiations leading to his purchase from the Clantons, who lived in Detroit, were carried on by letters and by wire.

Kitchell had, at one time, lived near the property, but had only seen it one time "in four or five years" prior to his purchase. In all letters and communications from the Clantons which culminated in the warranty deed from them to Kitchell, nothing was disclosed as to outstanding timber deeds or incumbrances on the land. Kitchell, a short time before his purchase, procured a taxi in Warren and drove out to the property and he testified that he "took a view of the house and fields from the road and I could see the timber standing on the right-hand side and it all looks like timber unless you go out and look. You can see the timber standing all around the best I knew where it all laid at that time." During this inspection trip it was raining and Kitchell testified that he went only to the house and to the lower side of the road and that he did not see where any timber had been cut and saw no logs stacked on the land. He first discovered that there had been some logs cut about three weeks or a month after he took possession.

Kitchell further testified (quoting from appellants' brief): "I first came back to town and went in to Mr. Beasley's, the man who is clerk, and I asked him if Mr. Clanton could make a good deed to that 40 and he went and looked and said, yes, he could, because the bank had made Ernie Clanton a deed. He went also to see Mr. Roddey, Circuit Clerk and Recorder, and asked him if there were any deeds of any kind against this land or any mortgages. Mr. Kitchell stated that he was told by Mr. Roddey that there was nothing he could see or find." Kitchell testified positively that he had no notice of appellants' claims under their timber deeds.

There was other evidence on the part of appellee of a corroborative nature.

There was evidence on the part of appellants that, prior to appellee's purchase, timber had been cut from the tract, a number of logs stacked near the road, and there were tops of fallen trees on the land.

Here, we quote from the Chancellor's findings: "The inquiry to the Clerk, if there appeared a timber deed of record, does raise an inference of knowledge on the part of the plaintiff, but this inference is not supported by a scintilla of substantial evidence of prior facts or circumstances, which would prove the plaintiff had knowledge of the timber deed, unless it be found that he saw the logs banked along the Vick-Ingalls road on the land to be purchased and the tops of fallen trees on the land, and deduced from this the existence of a prior conveyance. The inference standing alone is insufficient to base a finding."

We agree that the fact that logs were stacked near the road was not alone sufficient to constitute notice to appellee, nor do we think Kitchell's inquiry from the Clerk as to liens showed that he had knowledge of appellants' claims, rather, we think, in the circumstances here, it was but the ordinary precaution that a purchaser of land would exercise.

We think it unnecessary to attempt to detail all the testimony. It suffices to say that we have reviewed it carefully and have reached the conclusion that the findings of the Chancellor to the effect that appellee purchased the land in question without notice of appellants' claims was not against the preponderance of the testimony, and accordingly, the decree must be and is affirmed.