5-761                            283 S. W. 2d 337

Opinion delivered November 7, 1955.

*R. D. Rouse,* for appellant.

*McMillan & McMillan,* for appellee.

LEE SEAMSTER, Chief Justice. This is an appeal, by appellant, from that portion of the trial court's decree that denied him the return of $2,500; the sum that he had deposited in the Clark County Bank to the savings accounts of his three minor step children. The appellees have cross-appealed from that portion of the decree that allowed the appellant recovery of $500 from Ivory Littrell.

Eva B. Hopson died intestate on March 18, 1953. She was survived by a husband, appellant herein, and three children, all appellees herein, are, James H. Buford, age 18; Ivory Jean Buford, age 16; and, Carrie Faye Buford, age 14. The maternal grandmother of the children, Ivory Gatlin Littrell, has been appointed guardian of the two girls and appears as an appellee in the instant case. The older boys custody is vested with his father.

Subsequent to Eva's death, the appellant, Dale Hopson, received three (3) checks from an insurance com-

pany in the total sum of $4,000. This amount represented the face value of two life insurance policies that Eva had carried on her life. The appellant was designated the sole beneficiary under both of these life insurance policies.

On May 2, 1953, the appellant deposited $2,500 of the life insurance proceeds to the savings accounts of his three minor step children, which he established at the Clark County Bank. Two Thousand Dollars of this amount was deposited in the name of Ivory Gatlin Littrell, as guardian of Ivory Jean Buford and Carrie Faye Buford. Five Hundred Dollars was deposited in the name of Ivory Gatlin Littrell for James H. Buford. On the same date, the appellant delivered to Ivory Littrell an additional sum of $500.

Thereafter, the appellant spent nearly every week end in the home of his mother-in-law, Ivory Gatlin Littrell. There was no discussion between the parties as to the money deposited to the minor childrens accounts, until July 9, 1954. At this time, the appellant told his mother-in-law that he had secured information to the effect that his step children had no interest in the insurance money he deposited to their savings accounts and requested the return of the money. When Ivory Littrell refused the return of the money, the appellant filed the instant suit in the Clark Chancery Court.

The chancellor found that the appellant was entitled to recover the $500 sum of money that he had delivered to Ivory Littrel; but, the appellant was not entitled to the return of the $2,500 sum of money that he had deposited to the accounts of his step children, since this amount was a voluntary gift to the step children.

On appeal to this court, the appellant contends that fraud, misrepresentation and undue influence were utilized by the appellees, especially Ivory Littrell, to induce him to deposit $2,500 to the savings accounts of his three minor step children. It is his contention that the morning after his wife's funeral, Ivory Littrell brought up the subject of Eva's property, including the life in-

surance proceeds. She told him that under the law he was entitled to only one-fourth of the proceeds from the insurance policies; with the remaining three-fourths to be divided equally among his three step children. The appellant earnestly contends that none of this money would have been deposited to the savings accounts of the three children, if it had not been for the false representations of Ivory Littrell. He further contends that his request for return of the money was met with a refusal by Ivory Littrell.

The appellees contend that appellant made a voluntary gift of $2,500 to his three step children, with full knowledge of all of the facts incidental to and surrounding said transaction. On cross-appeal, it is also the contention of the appellees that at this time, the appellant made a gift of $500 to Ivory Littrell, the maternal grandmother of the children. They submit that a preponderance of the evidence shows that the appellant gave the $500 to Ivory Littrell to be used by her for the maintenance and support of the two girls.

After a careful review of the record, we find the preponderance of the evidence supports the chancellor's findings, that the appellant made a voluntary gift of $2,500 to his three minor step children; and, that the appellant did not make a voluntary gift of $500 to Ivory Littrell.

Fraud is never presumed and the burden of showing the existence of facts which establish fraud is upon the one who asserts fraud as a ground of relief. See, *Bush* v. *Bourland,* 206 Ark. 275, 174 S. W. 2d 936. The burden of proof was on the appellant to show that fraud, undue influence or misrepresentation, were utilized by the appellees to induce him to deposit $2,500 to his step children's savings accounts. Under the facts here presented, we conclude that the appellant has failed to prove his allegations.

We think that there was sufficient testimony adduced on the trial of this case, relative to the acts, conduct and declarations of Dale Hopson, to sustain the

finding of the trial court that he made a voluntary gift of $2,500 to his step children. Mrs. Lillian Edwards, a teller in the Clark County Bank, testified to the following:

"Q. What did he (Dale Hopson) tell you he wanted to do with the checks?

"A. He wanted to leave $2,000 for the two Buford girls with Ivory Littrell, their grandmother, for to take care of for them, and $500 to the Buford boy.

"Q. I see. Now did you undertake to question him about his desires?

"A. Yes, sir.

"Q. Why?

"A. Well, the two checks were made out to him and these were his step children, and I asked him was he sure he wanted to place it in their names.

"Q. What did he say?

"A. He said he did.

"Q. Then, did you undertake to explain the matter to him?

"A. Yes, sir. I told him he was a very generous step father. Then, when he got through with the transaction, I gave up and said, 'You don't want your name anywhere on this book?' He said, 'I don't want anything to do with it. I want the grandmother to have it to see to their schooling or clothes or, if there is anything left, I want them to have it when they become of age.'

"Q. How long did you take in explaining to him?

"A. I told him to begin with, and I told him at the end of the transaction again.

"Q. You told him what?

"A. That the checks were his; made out to Dale Hopson. I said, 'Now these checks are yours and you don't have to do that.' He said, 'Yes, but I want to.' "

· We have held in the case of *Williams* v. *Smith*, 66 Ark. 299, 50 S. W. 513, that, "If the gift be intended *in presenti*, and be accompanied with such delivery as the nature of the property will admit, and the circumstances and situation of the parties render reasonably possible, it operates at once, and, as between the parties, becomes irrevocable."

· On cross-appeal, there is insufficient testimony to show that appellant intended to make a gift of $500 to Ivory Littrell.

No error appearing, the decree of the trial court is affirmed on appeal and cross-appeal.

Justices GEORGE ROSE SMITH and WARD dissent in part.

GEORGE ROSE SMITH, J., dissenting. I am unable to agree with the majority's conclusion that "there is insufficient testimony to show that appellant intended to make a gift of $500 to Ivory Littrell." On the record there is no sound reason for drawing any distinction among the various gifts.

All the transfers were made at the same time, in the Clark County Bank. In addition to depositing $2,500 in savings accounts for the children the appellant handed Ivory Littrell $300 and deposited $200 in a savings account in her name. The appellant kept the rest of the insurance money for himself; so the transactions in the bank resulted in a complete division of the funds.

The fact of delivery is unquestionably the strongest indication of a gift, since the requirement that a gift be delivered brings home to the donor the realization that he has parted with his property. Here the proof is undisputed that the appellant delivered $500 to his mother-in-law and that she retained the money for more than a year. The majority opinion leaves unanswered the obvious question: If the transfer to Ivory Littrell was not a gift, what was it? It was certainly not a loan

or a payment under mistake, and the charge of fraud has rightly been rejected. In my opinion the only alternative is to uphold the validity of the gift.

WARD, J., joins in this dissent.