HICKERSON *v*. LYON.

5-1543                                         312 S. W. 2d 930
Opinion delivered May 12, 1958.

*John E. Harris & Clinton R. Barry,* for appellant.

*Warner, Warner & Ragon,* for appellee.

GEORGE ROSE SMITH, J. This suit was brought by the appellant, George Hickerson, to obtain cancellation of a deed by which he conveyed certain business property in Fort Smith to his daughter, Elma Dell Lyon, and her husband, the appellees. It is asserted that the grantees led Hickerson to think that he was executing a will instead of a deed and, further, that the deed is void for want of a proper acknowledgment. The chancellor held the deed valid as between the parties and therefore dismissed the complaint for want of equity.

The preponderating evidence rebuts the charge of fraud. The property was originally purchased in 1945, soon after Elma Dell's husband, Gloyd Lyon, had returned from military service. Title was taken jointly in the names of Hickerson and his first wife and Lyon and his wife. The two couples improved the property, and for some years Hickerson and his son-in-law, Lyon, together operated a filling station and a liquor store in part of the building that had been put on the land. In 1948 Gloyd and Elma Dell conveyed their half interest in the property to Mr. Hickerson. The parties are not in agreement as to whether any consideration was paid for that conveyance.

Elma Dell's mother, the first Mrs. Hickerson, died in 1949, and Hickerson remarried three years later. There is evidence, which Hickerson denies, that his second wife left him early in 1956. At that time Hickerson expressed a desire to make a will in favor of Elma Dell, his only child. According to Elma Dell, it was decided, however, that Hickerson would execute a "life estate deed" instead of a will, to be certain that Hickerson's second wife would not receive anything more than her dower in the property. An attorney was employed to prepare the deed now in question, by which Hickerson conveyed the property to his daughter and son-in-law, with a life

estate being reserved to the grantor. This deed was admittedly signed by Hickerson at the attorney's office on January 31, 1956, but Hickerson insists that he was induced to believe that the instrument was a will.

The chancellor was fully warranted in rejecting the charge of fraud. It is true that a confidential relation exists between a father and his daughter, but this does not prevent either from making a voluntary gift to the other. *Giers* v. *Hudson,* 102 Ark. 232, 143 S. W. 916. Such a gift is closely scrutinized in equity and will be set aside if it appears that the person in the dominant position has overreached the other. *Young* v. *Barde,* 194 Ark. 416, 108 S. W. 2d 495. We do not find that the father's confidence was abused in this instance.

When the deed was executed Hickerson was an experienced businessman, in his early sixties. He had previously bought and sold real estate on several occasions. It cannot be said that he was under his daughter's influence; to the contrary, his seems to have been the more forceful character of the two. The other two persons present at the execution of the deed—Elma Dell and the lawyer—both testify that the nature of the conveyance was fully explained to Hickerson and that he understood its effect. In the circumstances it was not unnatural for Hickerson to give a vested remainder to his daughter and son-in-law, in view of Hickerson's apparent dispute with his second wife and in view of the Lyons' original interest in the property, which they may well have conveyed to him without receiving any consideration. All these facts are sufficient to overcome Hickerson's unsupported statement that he believed the instrument to be a will.

The second point involves the effect of an invalid acknowledgment. The attorney who prepared the deed testified that his stenographer had not yet qualified as a notary public and that he, with Hickerson's consent, took the deed down the street and had it notarized. It is conceded that Hickerson did not appear before the notary. The appellant, citing cases such as *Miles* v. *Jerry,* 158 Ark. 314, 250 S. W. 34, and *Hall* v. *Mitchell,* 175

Ark. 641, 1 S. W. 2d 59, contends that the invalidity of the acknowledgment rendered the conveyance void.

The cited cases do not apply here, for they involved the effect of a wife's failure to acknowledge the execution of an instrument affecting the family homestead. In those cases we merely gave effect to the statute which provides that a conveyance affecting the homestead is of no validity unless the wife joins in the execution of the instrument and also acknowledges it. Ark. Stats. 1947, § 50-415. Here the property was not the grantor's homestead, and consequently the unacknowledged deed was good as between the parties. *Williams* v. *Kitchell,* 212 Ark. 114, 204 S. W. 2d 873; *McSwain* v. *Criswell,* 213 Ark. 775, 213 S. W. 2d 383. It may be true that the notary public violated the criminal law in executing a false certificate, Ark. Stats., § 41-1818; but titles without number would be upset if we should hold that his wrongdoing made the deed void.

Affirmed.