Robinson *v.* Patton.

5-2306                                              343 S. W. 2d 97

Opinion delivered February 13, 1961.

[Rehearing denied March 13, 1961]

*John C. Watkins,* for appellant.

*Kirsch, Cathey & Brown* and *John Burris,* for appellee.

J. Seaborn Holt, Associate Justice. This action was begun by appellees, Ida Patton, a widow 78 years of age, and her son, Glenn Robinson, against appellant, Joyce M. Robinson, daughter of Mrs. Patton and Glenn Robinson's sister.

In substance, Mrs. Patton and her son alleged in their complaint that prior to March 17, 1959, Ida Patton and her deceased husband owned as tenants by the entirety a 40-acre tract of land in Greene County, Arkansas, described as follows: The Northwest quarter of the Southeast quarter of Section 28, Township 17 North, Range 5 East of the fifth principal meridian in Greene County, Arkansas; that on the death of her husband [Adrian Patton] on January 7, 1959, she, Ida Patton,

became sole owner of said land; that on April 1, 1959, Mrs. Patton conveyed this 40-acre tract to her son, Glenn Robinson [appellee] by warranty deed; that on September 15, 1959, appellees [Mrs. Patton and son] learned that there was outstanding an alleged mortgage dated March 17, 1959, which recited that Ida Patton had mortgaged the above forty acres to appellant, Joyce Robinson, to secure an indebtedness of $4,000.00. Appellees further alleged that the note and mortgage were forgeries, or if said note and mortgage did bear the signature of Ida Patton that said signatures were obtained by fraud and misrepresentation of appellant and were in fact obtained on appellant's representation that Ida Patton was signing social security papers. Appellees denied owing appellant $4,000.00 or any other sum. Appellant's answer denied every material allegation in appellees' complaint and alleged that the note and mortgage were genuine.

The trial court found that the mortgage was secured by deception and undue influence practiced upon Mrs. Ida Patton and ordered the mortgage set aside and that the promissory note be filed with the clerk for cancellation. From this adverse judgment Joyce M. Robinson has appealed.

Appellant relies upon the following points for reversal: (1) There is no competent evidence to support the chancellor's findings that the signatures to the instruments here involved were obtained by fraud and undue influence. (2) The lower court erred in its findings that there was no proper acknowledgment of the mortgage.

After reviewing the testimony presented, much of which is directly contradictory, we have reached the conclusion that the evidence was sufficient to show deception and fraud practiced upon Mrs. Ida Patton. In support of this conclusion, we first point out, as above indicated, that Joyce M. Robinson had, through the years, given financial assistance to her mother and stepfather. Mrs. Robinson testified that she had done this because she had been assured that she would not lose the

money by so doing but would receive the 40-acre farm involved here in return for this assistance. It appears undisputed that Mrs. Robinson spent $650.00 in assisting her mother and step-father. At the time of the alleged mortgage, Mrs. Robinson was helping her mother with certain papers needed to secure social security benefits, despite the fact that her brother, Glenn Robinson, had tried unsuccessfully three times to establish his mother's right to benefits. Mrs. Ida Patton testified that when she signed the papers [the mortgage and note] she thought they were papers needed to secure social security benefits.

Secondly is the fact that the above acknowledgment to the mortgage by Mrs. Ida Patton was taken over the telephone when the overwhelming proof was that it was almost impossible for Mrs. Patton to hear well enough to understand what she was doing. An attorney who had done legal work in the past for Mrs. Patton stated that when talking to her it was necessary to stand within two or three feet of her and talk in a very loud voice and repetition of conversation was necessary even then. Appellee, Glenn Robinson, testified that it was almost impossible for his mother to use the telephone; that she had tried several times but just couldn't hear well enough to use it.

When we consider fully all the facts and circumstances of the case, an elderly lady, 78 years of age, almost deaf, unable to read without a reading glass, and the close relationship between the parties, we think the proof is sufficient to show that Mrs. Patton was unaware of what she was signing and that there was sufficient proof to raise the presumption of fraud which the appellant, Mrs. Robinson, did not overcome. While it is true that the general rule appears to be that fraud is never presumed and the burden of producing evidence to establish fraud is upon the one that asserts it, *Hopson* v. *Buford,* 225 Ark. 482, 283 S. W. 2d 337, this court also adheres to the rule that where there is a special trust and confidence between the parties, as here, the facts and circumstances of the case may themselves indicate

fraud to such an extent as to give rise to a presumption of fraud and the burden of proving good faith and fair dealing is upon the person owing the duty of good faith and trust. Barnhart, *Use of Presumptions in Arkansas,* 4 Ark. L. Rev. 128 at 149. *Gillespie* v. *Holland,* 40 Ark. 28; *Young* v. *Barde,* 194 Ark. 416, 108 S. W. 2d 495; *Norton* v. *Norton,* 227 Ark. 799, 302 S. W. 2d 78. In the *Norton* case this court held that where there was no money consideration and nothing more than a gift was intended by the instruments in question, the duty rested on the appellee, son, to show good faith and that the instruments were freely and voluntarily executed by his mother, and quoted *Young* v. *Barde, supra*: "The general rule is that where special trust and confidence exists between the parties to a deed, the gift to the party holding the dominant position is *prima facie* void."

Having reached the above conclusion, the decree is affirmed.

HARRIS, C. J., and McFADDIN, J., dissent.